**Edward L. MOSKAL, Plaintiff–Appellant,**

v.

**DELPHI AUTOMOTIVE SYSTEM, INC., Defendant–Appellee.**

No. 02–3887.

United States Court of Appeals, Sixth Circuit.

May 6, 2003.

**548**

Before NELSON and COLE, Circuit Judges; and ROSEN, District Judge.*

*ORDER*

Edward L. Moskal, represented by counsel, appeals a district court judgment dismissing his civil rights complaint filed pursuant to the Americans with Disability Act (ADA), 42 U.S.C. § 12101–117. The parties have expressly waived oral argument, and this panel unanimously agrees

that oral argument is not needed. Fed. R.App. P. 34(a).

By way of background, Moskal was employed as a contract worker at Delphi Automotive Systems, Inc. (Delphi), and he became eligible as a potential hire for an hourly production position. As part of the pre-employment selection process, Moskal was required to submit to a physical examination and drug screening, that was conducted on June 25, 1999. Delphi generally performed the drug screening test using a hair sample. During the physical examination, Moskal explained that he had hemifacial scapular muscular dystrophy (MD) and Alopecia Universalis (the absence of all body hair). The physical exam revealed an elevated blood pressure reading, and the plant physician (Dr. Luna) requested that Moskal's treating physician (Dr. Minick) verify that Moskal did not suffer from hypertension. Moskal became agitated during the examination, and Dr. Luna also requested that Moskal undergo psychological testing prior to being hired. On that same day, Moskal brought an initial letter from Dr. Minick concerning his blood pressure. After Dr. Luna requested more definitive information, Moskal provided another letter on July 9, 1999, following a two-week evaluation conducted by Dr. Minick. Subsequently, Moskal completed a psychological examination, and a report was issued on July 29, 1999. The drug screening test was eventually completed using a urine sample. Thereafter, Moskal was cleared to work, and he began his employment as an hourly worker on August 2, 1999.

In September 2001, seeking monetary and equitable relief, Moskal sued Delphi claiming that Delphi had discriminated against him on the basis of his known

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

disability. Essentially, he argued that his Alopecia Universalis constitutes a disability, and that Delphi failed to make a reasonable accommodation for his disability by not permitting him to take the drug screening test using a urine sample on the same day that a hair sample would have been taken, i.e., June 25, 1999. He alleged that the delay in testing and hiring caused him to lose a month of seniority and other employment benefits. Although Moskal made numerous references to his MD, he did not describe how Delphi discriminated against him based on this condition, how his MD constitutes a disability, or how Delphi could have "accommodated" the condition. Upon review, the district court concluded that Moskal's Alopecia Universalis did not constitute a disability for purposes of the ADA, and it granted summary judgment to Delphi. Moskal has filed a timely appeal, reasserting his claim.

Upon review, we conclude that the district court properly granted summary judgment to the defendant. This court reviews a district court's grant of summary judgment de novo; it uses the same test as used by the district court. *See Lucas v. Monroe County,* 203 F.3d 964, 971 (6th Cir.2000). To establish a prima facie case of disability discrimination, Moskal must show that: 1) he has a disability; 2) he is "otherwise qualified" for the job; and 3) the defendants either refused to make a reasonable accommodation for his disability or made an adverse employment decision regarding him solely because of his disability. *See Smith v. Ameritech,* 129 F.3d 857, 866 (6th Cir.1997). The ADA defines "disability" as a physical or mental impairment that substantially limits one or more of an individual's major life activities. *See Roush v. Weastec, Inc.,* 96 F.3d 840, 843 (6th Cir.1996) (citing 42 U.S.C. § 12102(2)(A)). Major life activities include "caring for oneself, performing manual tasks, walking, seeing, hearing, speak-

ing, breathing, learning and working." *See id.* (citing 29 C.F.R. § 1630(i) (1995)). An individual is considered to have a "disability" if either 1) he has an impairment that substantially limits one or more of his major life activities; 2) there is a record of such an impairment; or 3) he is regarded by his employer as having such an impairment. *See* 42 U.S.C. § 12102(2).

Moskal did not establish a prima facie case of disability discrimination because he did not show that he has a "disability" as that term is defined in 42 U.S.C. § 12101(2). Under this statute, a "disability" means

> (A) a physical or mental impairment that substantially limits one or more of the [individual's] major life activities . . .;
>
> (B) a record of such an impairment; or
>
> (C) being regarded as having such an impairment.

Moskal acknowledged that his Alopecia Universalis does not prevent him from engaging in such activities as driving, walking, sleeping, sitting, standing, interacting with his family, getting dressed, thinking, speaking, breathing, seeing, or lifting. Moskal also acknowledged that his condition does not affect his ability to perform one of the most physically demanding jobs at Delphi without accommodation. In addition, Moskal presented no evidence of a record of the kind of impairment spoken of in the statute and no evidence that Delphi regarded him as being substantially impaired in any major life activity. Hence, Moskal cannot establish that he has a disability for purposes of the ADA. *See Roush,* 96 F.3d at 843.

Accordingly, we affirm the district court's judgment.